UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MEDRANO and NICOLA GALASSI, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PARTY CITY CORPORATION, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CIV. NO. 2:16-2996 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AND PLAINTIFFS' MOTION TO CERTIFY CLASS</u> |

    Anthony Medrano, Nicola Galassi, and Joan Pasini (collectively "plaintiffs") initiated this action against defendant Party City Corporation ("Party City") alleging that defendant violated the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. § 1681(c)(g), by including the expiration date on receipts provided to customers who used their American Express Company ("American Express") credit cards at Party City retail locations. Presently before the court is plaintiffs' Motion to Certify Class (Docket No. 36) as well as defendant's

1

Motion for Leave to File a Third Party Complaint against American Express and Cayan LLC ("Cayan"). (Docket No. 37).

I. <u>Motion for Leave to File Third Party Complaint</u>

Federal Rule of Civil Procedure 14(a) ("Rule 14") provides in pertinent part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. Pro. 14(a)(1). The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court. <u>Sw. Adm'rs, Inc. v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986).

Rule 14 aims to promote judicial efficiency by eliminating the need for the defendant to bring a separate action against a third individual who may be liable to the defendant for all or part of the plaintiff's original claim. (<u>Id.</u>) For this reason, courts generally construe Rule 14 liberally in favor of allowing impleader. <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F. 3d 389, 393 (1st Cir. 1999). In determining whether to permit impleader, the court must consider: (1) potential prejudice to the original plaintiff; (2) complication of the issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. <u>Irwin v. Mascott</u>, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

Defendant argues that Cayan was responsible for updating defendant's system to accept EMV-chip credit cards in accordance with American Express' guidelines.[1] Allegedly, Cayan's actions caused the expiration date to be included on receipts when EMV-chip American Express credit cards were used, thereby violating FACTA, which prohibits any "person that accepts credit cards or debit cards for the transaction of business" from printing "more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681(c)(g)(1). Therefore, defendant argues that it did not willfully violate FACTA because Cayan and American Express, rather than Party City, are responsible for the inclusion of the expiration date. Accordingly, defendant alleges that, to the extent plaintiff establishes any liability, the proposed third-party defendants are liable to defendant for indemnity.

Allowing defendant to file its Third-Party Complaint will not prejudice the plaintiffs in this case. Plaintiffs are already aware of defendant's legal theory that any alleged violation of FACTA was caused by Cayan and American Express, and they have filed a Statement of Non-Opposition to Defendant's Motion for Leave to File Third Party Complaint. (Docket Nos. 39, 41.) The addition of these parties also will not complicate the issues at trial or cause any delay. At trial, defendant intends

---

[1] EMV cards are "smart payment" cards, which are credit and debit cards that use computer chips to encrypt bank information. EMV cards require specific processing devices that are able to read the information stored in the chips.

3

to demonstrate that it did not engage in willful conduct that would give rise to FACTA liability, and thus the roles of Cayan and American Express will be the main issue regardless of whether or not they are named as defendants. Additionally, the current trial date is set for October 10, 2018, and thus even with the addition of third-party defendants plaintiffs will still have ample time to complete any necessary discovery without causing any delay to the pending trial. Moreover, granting defendant leave to file its Third-Party Complaint will enable the court to resolve multiple claims involving multiple parties in one proceeding, thereby promoting judicial efficiency and eliminating the need for Party City to bring a separate action against the proposed third-party defendants. Accordingly, the court will grant defendant's Motion for Leave to File a Third Party Complaint.

II. Motion to Certify Class

Defendant submitted a Statement of Non-Opposition to Plaintiffs' Motion for Class Certification. (Docket No. 40.)

A. Legal Standard

To certify a class pursuant to Rule 23, plaintiff must satisfy the four requirements set forth in Rule 23(a): "numerosity," "commonality," "typicality," and "adequacy of representation." Fed. R. Civ. P. 23(a). Plaintiff must also establish an appropriate ground for bringing a class action under Rule 23(b). Fed. R. Civ. P. 23(b).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively

demonstrate his compliance with the Rule." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Id. at 350-51 (citation omitted

### B. Class Definition

Plaintiffs seek to certify a class defined as:

> All persons in the United States to whom, between March 1, 2016 and November 2, 2016, Defendant provided an electronically printed hardcopy receipt at the point of sale or transaction on which Defendant printed the expiration date of the person's American express card.

Pl.'s Mem. of P. & A. at 7 (Docket No. 37-1).)

### C. Rule 23(a)

#### 1. Numerosity

Rule 23(a)(1) requires the proposed class to be so numerous that joinder of all of the class members would be impracticable. Fed. R. Civ. P. 23(a). "[N]umerosity is presumed where the plaintiff class contains forty or more members." In re Cooper Companies Inc. Sec. Litig., 254 F.R.D. 628, 634 (C.D. Cal. 2009); see also, e.g., Collins v. Cargill Meat Solutions Corp., 274 F.R.D. 294, 300 (E.D. Cal. 2011) (Wagner, J.). Here, it is undisputed that thousands of American Express cardholders engaged in approximately 660,000 distinct American Express card transactions at Party City stores throughout the country, each of which resulted in their card expiration date being unlawfully printed on a receipt in violation of FACTA. (Myers Decl. ¶¶ 4-6.) All of these thousands of cardholders are included in plaintiffs' proposed

class. Accordingly, plaintiffs have satisfied the "numerosity" requirement.

### 2. Commonality

The "commonality" requirement of Rule 23(a)(2) requires that plaintiff show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "What matters to class certification . . . [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Dukes, 564 U.S. at 350. Class members' claims "must depend upon a common contention . . . [that is of] such a nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

Here, plaintiffs contend that each class member's claim raises the exact same questions: whether defendant violated FACTA's requirements during the period in question, and whether it acted willfully in doing so. Because defendant had a uniform policy and practice regarding its issuance of printed receipts, the answer to these questions will be common among all class members. Accordingly, the court can resolve these central questions once for all class members, and thus plaintiffs have met the "commonality" requirement.

### 3. Typicality

The "typicality" requirement of Rule 23(a)(3) requires that plaintiff have claims "reasonably coextensive" with those of proposed class members. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). The test for "typicality" is "whether

other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

Here, both the named plaintiffs and the class members aver that defendant willfully violated FACTA by providing them with unlawful receipts that included the expiration date of their American Express cards. Because the plaintiffs and class members allege the same conduct and injury, the "typicality" requirement has been satisfied.

4. Adequacy

Rule 23(a)(4) requires that the class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23. This inquiry involves two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. Adequacy of representation is generally satisfied if the representative's individual interests are the same or similar to the other class members. Gen. Tel. Co. of Sw v. Falcon, 457 U.S. 147, 157 (1982).

Here, plaintiffs' claim is identical to those of other class members--all assert a claim for statutory damages arising from defendant's alleged practice of willfully printing American Express expiration dates on receipts. (Medrano Decl. ¶¶ 2-5.) Accordingly, a victory for plaintiffs would mean a victory for

each class member, and thus, because they all have similar interests, there appears to be no potential conflicts between named plaintiffs and other class members.

Additionally, plaintiffs' counsel are experienced attorneys who have significant knowledge of class actions, specifically FACTA class actions. (See Gaines Decl. at ¶¶ 5-9 (Docket No. 37-2).) The court finds no reason to doubt that plaintiffs' counsel are qualified to conduct this litigation and will vigorously prosecute the action on behalf of class members. See Hanlon, 150 F.3d at 1021 ("Although there are no fixed standards by which 'vigor' can be assayed, considerations include competency of counsel."). Accordingly, the court finds that plaintiffs and plaintiffs' counsel are adequate representatives of the class, and therefore that plaintiffs have satisfied all of the requirements set forth in Rule 23(a).

D.  Rule 23(b)

Plaintiff seeks to certify a class pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

1.  Predominance

The "predominance" inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997). "Because Rule 23(a)(3) already considers commonality, the focus of the Rule 23(b)(3) predominance inquiry

8

is on the balance between individual and common issues." <u>Murillo v. Pac. Gas & Elec. Co.</u>, 266 F.R.D. 468, 476 (E.D. Cal. 2010) (citing <u>Hanlon</u>, 150 F.3d at 1022). The "predominance" requirement is "far more demanding" than the commonality requirement of Rule 23(a). <u>Amchem Prods.</u>, 521 U.S. at 623.

Here, class members share significant common questions as to whether defendant violated FACTA, and whether such violation was willful. To establish liability, each class member will need to prove that defendant willfully issued him or her a noncompliant receipt. According to defendant, its alleged FACTA violations were due to a computer software update. (<u>See</u> Gaines Decl., Ex. C, Skiba Depo. at 123:16-124:10.) Thus, the violations at issue all arise from a standard practice that applies uniformly to all class members, and therefore resolving the issue of willfulness can be done just once on a class-wide basis. Accordingly, the "predominance" requirement has been satisfied.

    2. <u>Superiority</u>

Rule 23(b)(3) also requires "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). It sets forth four non-exhaustive factors in determining "superiority": (a) class members' interests in individually controlling the litigation; (b) the extent and nature of any litigation concerning the controversy already begun by class members; (c) the desirability of concentrating the litigation in the particular forum; and (d) likely difficulties in managing a class action. <u>Id.</u>

Here, the maximum potential outcome in litigation is limited to $1,000 per violation in statutory damages. U.S.C. § 1681n (under FACTA, consumer may recover either actual damages caused by the violation or statutory damages of not less than $100 and not more than $1,000). Thus, class members' interest in individually controlling the ligation is low given that all of the members stand to recover relatively little compared to the costs of individual litigation. The court is unaware of any concurrent litigation in this case, or a reason why this particular forum would be ill-suited to resolving plaintiffs' class action. Additionally, neither party alleges that managing this class action would present undue difficulties.

Furthermore, the alternative litigation possibility would involve "numerous individual actions[,] would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated." Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978). Accordingly, because there is no reasonable alternative to a class action, plaintiffs have satisfied the "superiority" requirement. See Local Joint Executive Board v. Las Vegas Sands, Inc., 244 F.3d 1152, 1161 (9th Cir. 2001) (explaining that "if a comparative evaluation of other procedures reveals no other realistic possibilities, this superiority portion of Rule 23(b)(3) has been satisfied.").

IT IS THEREFORE ORDERED that defendant's Motion for Leave to File a Third Party Complaint (Docket No. 36) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' Motion to

Certify Class (Docket No. 37) be, and the same hereby is, GRANTED.

Dated: January 22, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE